PAUL M. GLEASON (SBN: 155569)
GLEASON & FAVAROTE, LLP
3646 Long Beach Blvd., Suite 203
Long Beach, California 90807
Telephone:  (213) 452-0510
Facsimile:  (213) 452-0514
pgleason@gleasonfavarote.com

Attorneys for Defendant
CUSHMAN & WAKEFIELD U.S., INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JOSHUA TAXSON,

                Plaintiff,

  vs.

CUSHMAN & WAKEFIELD U.S., INC.; and DOES 1 through 100, Inclusive,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.  5:24-cv-2704

**DEFENDANT CUSHMAN & WAKEFIELD U.S., INC.'S NOTICE OF REMOVAL**

[28 U.S.C. §§ 1332, 1441, and 1446 DIVERSITY]

Action Filed:      April 2, 2024
Removal Date:   May 6, 2024

/ / /

/ / /

/ / /

/ / /

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF JOSHUA TAXSON, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Cushman & Wakefield U.S., Inc. ("Defendant" or "C&W") hereby removes the above-referenced action from the Superior Court in the State of California for the County of Santa Clara to the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties based upon the existence of diversity under 28 U.S.C. 1332, 1441 and 1446. Defendant makes the following allegations in support of its Notice of Removal:

**JURISDICTION**

This action is one over which this court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed by Defendant pursuant to 28 U.S.C. sections 1441 and 1446. This is a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

Venue is proper in this Court because this is the district court of the United States and division embracing the place where the state action is pending. 28 U.S.C. Section 1441(a).

On or about April 2, 2024, plaintiff Joshua Taxon ("Plaintiff") filed an original complaint in the Superior Court of the State of California in the County of Santa Clara, entitled, Joshua Taxon v. Cushman & Wakefield U.S., Inc. and DOES 1 through 100, Inclusive, Case Number 24CV434296 (the "Complaint"). The Complaint alleges causes of action for: (1) Perceived and/or Mental Disability Harassment, Discrimination, and Retaliation in Violation of California Government Code §§ 12940 ET SEQ.; (2) Harassment, Discrimination, and Retaliation in

1.
**DEFENDANT CUSHMAN & WAKEFIELD U.S., INC.'S NOTICE OF REMOVAL**

Violation of California Government Code §§ 12945.2 ET SEQ.; (3) Perceived and/or Marital Status Harassment, Discrimination, and Retaliation in Violation of California Government Code §§ 12940 ET SEQ.; (4) Violation of California Labor Code § 230 ET. SEQ.; (5) Violation of California Labor Code § 230.8 ET. SEQ.; (6) Violation of California Business And Professions Code § 17200 ET. SEQ.; (7) Violation of California Labor Code § 1102.5 ET. SEQ.; (8) Wrongful Termination in Violation of Public Policy; and (9) Declaratory Relief.  True and correct copies of the service or process transmittal summary, summons, process server delivery details, Complaint, and Civil Lawsuit Notice are attached to the Declaration of Paul Gleason In Support of Defendant Cushman & Wakefield U.S., Inc.'s Notice of Removal ("Gleason Decl.") as **Exhibit 1**.

On April 2, 2024, Plaintiff filed the civil cover sheet for this action in Santa Clara County Superior Court.  On April 4, 2024, Plaintiff filed a proof of service on in the Santa Clara County Superior Court. True and correct copies of these documents are attached to the Gleason Decl. as **Exhibit 2**.

On May 3, 2024, C&W filed its answer to Plaintiff's Complaint in Santa Clara County Superior Court, a true and correct copy of which is attached to the Gleason Decl. as **Exhibit 3**.

To C&W's knowledge, no other papers or processes have been filed or received in this matter.

## DIVERSITY JURISDICTION

This action is one over which this court has original jurisdiction under 28 U.S.C. section 1332 and is one that may be removed by C&W pursuant to 28 U.S.C. section 1441.  This is a civil action where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

Plaintiff's Citizenship: Plaintiff resides in the county of Alameda and is a citizen of the State of California.  (Gleason Decl., Exhibit 1, Complaint, pg. 1, para.

2.

1.) For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. State Farm Mutual Auto Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

C&W's Citizenship: C&W was, at the time of the filing of the state court action, and remains a corporation organized under the laws of the state of Missouri, with its principal place of business in the state of Illinois. (Declaration of Jessica Waller ("Waller Decl."), ¶ 2). A corporation is a citizen of its state of incorporation and wherever it has its principal place of business. 28 USC § 1332(c)(1). Accordingly, Defendant is not a citizen of the state of California.

The citizenship of fictitiously named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. section 1441(a).

There is complete diversity of citizenship between Plaintiff and C&W.

For the above reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. Section 1441 based on diversity jurisdiction.

## AMOUNT IN CONTROVERSY

Plaintiff was allegedly terminated from his employment with C&W on February 21, 2023. (Gleason Decl., Exhibit 1, Complaint, pg. 3, para. 5.) "On or about February 21, 2023, Defendants, and each of them, terminated Plaintiff for the false and/or exaggerated and/or pretextual reason of no reason at all." (Gleason Decl., ¶ 2 Exhibit 1; Complaint, pg. 5 para. 24). Plaintiff further pleads that "Beginning in or around 2022, and continuing at least until Plaintiff's wrongful termination on or about February 21, 2023, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or mental disabilities." (Gleason

DEFENDANT CUSHMAN & WAKEFIELD U.S., INC.'S NOTICE OF REMOVAL

Decl., ¶ 2 Exhibit 1; Complaint, pg. 6 para. 26).

Plaintiff alleges as damages, that he has suffered physical and mental injuries that are reasonably certain to be permanent in character," suffers from "severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright shock, pain, discomfort and anxiety," and has suffered "loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss." (Gleason Decl., ¶ 2 Exhibit 1; Complaint, pg. 8 para. 31, pg. 17 para. 83, pg. 20 para. 102, pg. 23 para. 118, pg. 26 para. 132, pg. 29 para. 147, pg. 33. para. 162).

Plaintiff further alleges claims for punitive damages. (Gleason Decl., ¶ 2, Exhibit 1; Complaint, pg. 8 para. 36, pg. 11 para. 50, pg. 17 para. 83, pg. 21 para. 108, pg. 24 para. 124, pg. 27. para. 138, pg. 30 para. 153, pg. 34, para. 168).

Further, according to the "Prayer" in his Complaint, Plaintiff seeks the following damages from Defendant:

1. For general damages in an amount within the jurisdictional limits of this Court;

2. For medical expenses and related items of expense, according to proof;

3. For loss of earnings, according to proof;

4. For loss of earnings capacity, according to proof;

5. For civil penalty in an amount equal to three (3) times the amount of the employee's lost wages and work benefits as specifically provided in California Labor Code § 230.8(d) according to proof;

6. For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965 (b), according to proof;

7. For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure § 1021.5, according to proof;

8. For a permanent injunction against Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in

4.

concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes;

9.    For reasonable attorneys' fees and costs of said suit as specifically mentioned in Harris v. City of Santa Monica, (2013) 56 C.4th 203;

10.    For reasonable attorneys' fees and costs of said suit as specifically provided in California Business and Professions Code § 17200 et seq., according to proof;

11.    For multiple damages as specifically provided in California Business & Professions Code § 17200 et seq., according to proof;

12.    For prejudgment interest according to proof;

13.    For punitive and exemplary damages, according to proof;

14.    For costs of suit incurred herein; and

15.    For such other and further relief as the Court deems fair and just.

(Gleason Decl. ¶ 2 **Exhibit 1**; Complaint pg. 37).

Based on the allegations in Plaintiff's Complaint, the amount in controversy exceeds the jurisdictional limit.

Here, Plaintiff earned an annual salary of at least $160,000.00. (Declaration of Patty Sturm "Sturm Decl." ¶ 2). Plaintiff alleges in his complaint that he was wrongfully terminated and is entitled to lost wages. (Gleason Decl., ¶ 2 Exhibit 1; Complaint, pg. 8 para. 31, pg. 17 para. 83, pg. 20 para. 102, pg. 23 para. 118, pg. 26 para. 132, pg. 29 para. 147, pg. 33. para. 162). Plaintiff further alleges that he is entitled to reimbursement for lost wages and employment benefits under Labor Code sections 230 and 230.8. (Gleason Decl., ¶ 2 Exhibit 1; Complaint, pg. 20 para. 99, pg. 23 para. 116).

**DEFENDANT CUSHMAN & WAKEFIELD U.S., INC.'S NOTICE OF REMOVAL**

Considering the loss of income alone, Plaintiff's alleged economic damages from February 21, 2023 (the date of his termination as alleged in the Complaint) until the date of filing this notice on May 6, 2024 (which is more than 1.2 years from the date of termination) is approximately $192,000 (1.2 years × annual salary of $160,000), before including the value of benefits. (Gleason Decl., ¶ 2 **Exhibit 1**; Complaint, pg. 5 paras. 23-24.)

**Therefore, the $75,000 amount in controversy is met.** Plaintiff's potential alleged lost wages to date exceed $192,000 before including claimed emotional distress, claimed punitive damages, claimed attorneys' fees, and value of claimed employment benefits.

As noted above, Plaintiff also seeks money for what he categorizes as continuing "severe and permanent" emotional distress. (Gleason Decl., ¶ 2 Exhibit 1; Complaint, pg. 8 para. 34, pg. 11 para. 48, pg. 17 para. 81, pg. 8 paras. 56-57, pg. 21 para. 105, pg. 24 para. 121, pg. 30 para. 151, pg. 34 para. 166). Damages for emotional distress "may be considered when calculating the amount in controversy even where not clearly pled in the complaint." Simmons v. PCR Technology, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002). It is recognized that "emotional distress damages in a successful employment discrimination case may be substantial." (Id. at 1034.)

Plaintiff also seeks reasonable attorney's fees. (Gleason Decl., ¶ 2 Exhibit 1; Complaint, pg. 9 para. 37, pg. 12 para. 51, pg. 17 para. 84, pg. 21 para. 109, pg. 24 para. 125, pg. 27, para. 139, pg. 30 para. 154, pg. 34 para. 169, pg. 36 para. 176). The Ninth Circuit has held that attorney's fees may be included in the amount in controversy if recoverable by statute or contract. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). The court in the case of Simmons, 209 F.Supp.2d at 1034-35 stated that "[attorneys' fees] necessarily accrue until the action is resolved," and thus, the Ninth Circuit [in Galt] must have anticipated that district courts would project fees beyond removal." As such, the Simmons court held that the "measure of

**DEFENDANT CUSHMAN & WAKEFIELD U.S., INC.'S NOTICE OF REMOVAL**

[attorneys'] fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." In fact, the court in Simmons noted that in its experience, "attorneys' fees for individual discrimination cases often exceed the damages." Here, Plaintiff alleges that all of his claims entitle him to attorneys' fees if he prevails. (Gleason Decl., ¶ 2 Exhibit 1; Complaint, pg. 9 para. 37, pg. 12 para. 51, pg. 17 para. 84, pg. 21 para. 109, pg. 24 para. 125, pg. 27, para. 139, pg. 30 para. 154, pg. 34 para. 169, pg. 36 para. 176).

Even a conservative estimate of attorneys' fees in an employment case claiming statutory fees would support an amount in controversy that exceeds the jurisdictional minimum. See e.g. Lefkir v. Rancho Los Amigos/County of Los Angeles, (2010 WL 6571514) (court awards plaintiff's attorney's fees in the amount of $171,917.50.) Thus, Plaintiff's attorneys' fees (a figure which will necessarily accrue until the action is resolved), also establishes that the instant action presents an amount in controversy in excess of $75,000.00.

Punitive damages are also included in calculating the amount in controversy if they are recoverable under state law. Davenport v. Mutual Ben. Health & Acc. Ass'n, 325 F.2d 785, 787 (9th Cir. 1963); see also Richmond v. Allstate Ins. Co. 897 F.Supp. 447, 450 (S.D. Cal. 2003). Plaintiff seeks punitive damages alleging that C&W's actions were "wilful, wanton, malicious, intentional, oppressive, and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff…" (Gleason Decl., ¶ 2, Exhibit 1; Complaint, pg. 8 para. 36, pg. 11 para. 50, pg. 17 para. 83, pg. 21 para. 108, pg. 24 para. 124, pg. 27. para. 138, pg. 30 para. 153, pg. 34, para. 168). California law does not provide specific monetary limitations on the amount of punitive damages that may be awarded under statute. Rather the proper amount of punitive damages is determined based on the reprehensibility of the defendant's misdeeds – the ratio between compensatory and punitive damages, and the ratio between damages and defendant's net worth. Boyle v. Lorimar Productions, Inc. 13 F.3d 1357, 1359-60 (9th Cir. 1994). Indeed, some

courts have recognized that an award for punitive damages can be significant, and that in some cases, a punitive award itself could establish the amount in controversy. See e.g. Aucino v. Amoco Oil Co., 871 F.Supp. 332, 334 (S.D. Iowa 1994) (concluding in a discrimination and wrongful termination case that the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct, and thus, the plaintiff's claim for punitive damages could alone exceed the jurisdictional minimum.)

Where it is not facially evident from the complaint that more than $75,000.00 is in controversy, the removing party need only show that it is more likely than not that the plaintiff's claim exceeds the jurisdictional minimum. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). See Simmons 209 F.Supp.2d at 1031-35 (finding that the plaintiffs alleged lost income of $25,600.00 at the time of removal included with unspecified amounts for medical expense damages, emotional distress damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); White v. FCI USA, Inc. 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees and punitive damages, was sufficient to exceed the $75,000.00 minimum amount in controversy required to establish diversity jurisdiction.)  Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000.00.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-48 (1997); Galt G/S, 142 F.3d at 1155-56; Anthony v.

8.

Security Pac. Fin'l Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996).

Here, the combination of Plaintiff's claims for alleged economic damages, lost wages, and his additional claims for alleged emotional distress, punitive damages, attorney's fees, and costs of suit make it undeniable that the instant action presents an amount in controversy in excess of $75,000.00.

Defendant vigorously denies that it engaged in any wrongful and/or unlawful conduct with respect to Plaintiff whatsoever, and further denies that Plaintiff is entitled to recover any damages or other amounts in this matter whatsoever, based on a conservative good faith estimate of the value of the claims alleged by Plaintiff, the amount in controversy requirement is satisfied.

### THE REMOVAL IS TIMELY

As required by 28 U.S.C. section 1446(d), this Notice of Removal is timely in that it has been filed within thirty (30) days of the date this action became removable and within one (1) year of being initiated. This Notice is to be filed on May 6, 2024, and is timely as Plaintiff's complaint was served on April 4, 2024. See FRCP 6(a)(1)(C). Plaintiff's case was filed on April 2, 2024, less than a year ago.

As required by 28 U.S.C. section 1446(d), Defendant will give notice of this removal to Plaintiff through his attorneys of record.

As required by 28 U.S.C. section 1446(d), a copy of this Notice will be filed with the Superior Court of the State of California in and for the County of Santa Clara.

WHEREFORE, having provided notice as is required by law, the above-titled action should be removed from the Superior Court for the County of Santa Clara to this Court.

Dated: May 6, 2024                    GLEASON & FAVAROTE, LLP
                                      PAUL M. GLEASON

                                      By:/s/ Paul M. Gleason
                                      _____
                                            Paul M. Gleason
                                      Attorneys for Defendant CUSHMAN
                                      & WAKEFIELD U.S., INC.

9.

## PROOF OF SERVICE

I, Thomas Steinhart, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 3646 Long Beach Blvd., Suite 203, Long Beach, CA 90807.

On May 6, 2024, I served a copy(ies) of the following document(s):

**DEFENDANT CUSHMAN & WAKEFIELD U.S., INC.'S NOTICE OF REMOVAL**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Tara J. Licata, Esq. Pamela A. Triplett, Esq. LICATA & YEREMENKO, APLC 15303 Ventura Boulevard, Suite 600 Sherman Oaks, CA 91403 Tel: (818) 783-5757 Fax: (818) 783-7710 tlicata@mamlaw.net ptriplett@mamlaw.net | Attorneys for Plaintiff JOSHUA TAXSON | First Class Mail |

☒ [BY MAIL] I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Long Beach, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☐ [BY OVERNIGHT COURIER] I caused the sealed envelope(s) to be delivered by a commercial courier service for overnight delivery to the offices of the addressee(s).

☐ [BY HAND] I directed the sealed envelope(s) to the party(ies) so designated on the service list to be delivered by Ace Attorney Service, Inc. this date.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct, and that this declaration was executed on May 6, 2024, at Long Beach, California.

_____
Thomas Steinhart

1.
**PROOF OF SERVICE**